**UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA**
MIAMI DIVISION
Case No.:

CHRISTOPHER FIELD,

    Plaintiff,

v.

METROPOLITAN LIFE
INSURANCE COMPANY,

    Defendant.
_____/

**COMPLAINT FOR DISABILITY BENEFITS**

Plaintiff, Christopher Field, files his Complaint against Defendant, Metropolitan Life Insurance Company, and says:

**I. JURISDICTION AND VENUE**

1. Plaintiff's claims are filed pursuant to the Employee Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. § 1001, *et seq*. Jurisdiction exists pursuant to 29 U.S.C. § 1132(f) and venue is proper pursuant to 29 U.S.C. § 1132(e).

**II. PARTIES**

2. Plaintiff, Christopher Field ("Mr. Field"), is a citizen of the United States of America, and was at all times relevant a participant of the long-term disability insurance policy at issue (the "LTD Policy"). Defendant, Metropolitan Life Insurance Company ("Defendant"), is the insurer and claims administrator of the long-term disability ("LTD") policy, is a foreign corporation authorized to do business in Florida and can be found in the Southern District of Florida.

### III. FACTS

3. At all times material to this action there was in full force and effect a group LTD Policy that was underwritten and administered by Defendant.

4. At all times material, Defendant operated under an inherent structural conflict of interest because of the Defendant's dual role as administrator of claims while serving as the insurance company paying benefits out of its own assets.

5. Mr. Field was employed with Google, LLC as a Google Cloud Inside Sales Associate. By virtue of his employment at Google, LLC, Mr. Field was an eligible participant of the LTD Policy at all times material to this action.

6. The purpose of the LTD Policy was to provide Mr. Field a monthly benefit in the event that he became disabled.

7. The LTD Policy defined Disability, in pertinent part, as follows:

*Disability or Disabled means that as a result of a Sickness or injury You are either Totally Disabled or Partially Disabled.*

*Totally Disabled or Total Disability means:*
*During the Elimination Period and the next 24 months, You are unable to perform with reasonable continuity the Substantial and Material Acts necessary to pursue Your Usual Occupation in the usual and customary way.*

*After such period, You are not able to engage with reasonable continuity in any occupation in which You could reasonably be expected to perform satisfactorily in light of Your: age, education, training, experience, station in life, and physical and mental capacity that exists within any of the following locations: a reasonable distance or travel time from Your residence in light of the commuting practices of Your community; a distance of travel time equivalent to the distance or travel time You traveled to work before becoming disabled; or the regional labor market, if You reside or resided prior to becoming disabled in the metropolitan area.*

8. Mr. Field suffers from post-traumatic stress disorder, anxiety, depression and panic disorder.

9. Mr. Field is unable to engage with reasonable continuity in any occupation. Mr. Field is disabled under the terms of the LTD Policy.

10. Mr. Field was forced to discontinue working on May 20, 2019, due to his disabling conditions.

11. Mr. Field submitted his LTD claim pursuant to the terms of the LTD Policy.

12. Defendant acknowledged Mr. Field's disability under the LTD policy, accepting liability by approving and paying LTD benefits effective November 19, 2019.

13. By letter dated October 28, 2021, Defendant terminated Mr. Field's LTD benefits alleging that he is no longer Disabled.

14. By letter dated April 11, 2022, Mr. Field timely appealed Defendant's decision to terminate his LTD benefits.

15. By letter dated July 6, 2022, Defendant denied Mr. Field's appeal.

16. Mr. Field exhausted his appeals under ERISA.

17. In terminating Mr. Field's LTD benefits, Defendant deemphasized medical evidence favoring disability and instead relied on the views of its own medical consultants.

18. The termination of Mr. Field's LTD benefits was a breach of the terms of the LTD Policy, and the decision was wrong and arbitrary and capricious.

19. Defendant's termination of Mr. Field's disability benefits breached the fiduciary duties owed to Mr. Field under ERISA. Defendant further failed to discharge its duties in respect to discretionary claims processing solely in the interests of Mr. Field as a participant of LTD Policy.

### IV. COUNT I: LONG-TERM DISABILITY BENEFITS

Plaintiff incorporates the allegations contained in Paragraphs 1 through 19 as if fully stated herein and says further that:

20. Plaintiff is entitled to certain benefits of the policy consisting of past LTD benefits including prejudgment interest, retroactive to the day benefits were denied pursuant to 29 U.S.C. §1132(a)(1)(B).

21. Plaintiff is entitled to the benefits identified herein because:

    a. the benefits are permitted benefits under the LTD policy;

    b. Plaintiff has satisfied all conditions to be eligible to receive the LTD benefits;

    c. Plaintiff has not waived or otherwise relinquished her entitlements to the benefits.

22. Defendant has refused to pay the benefits sought by Mr. Field, ignoring the medical records and clear opinions of his physicians.

### V. RELIEF REQUESTED

Plaintiff incorporates the allegations contained in Paragraph 1 through 22 as if fully stated herein and says further that:

23. As a result of the acts and/or omissions of Defendant as alleged herein, Defendant owes Plaintiff unpaid LTD benefits, plus interest.

24. To the extent that Defendant violated any provisions of Subchapter I of Title 29, Chapter 18 of the United States Code, under 29 U.S.C. §1132(g)(1) Plaintiff is entitled to reasonable attorney's fees and costs of this action.

25. Defendant is also liable to place Plaintiff in the position he would have enjoyed under the policy had he not been wrongfully denied benefits by Defendant.

## VI. PRAYER FOR RELIEF

WHEREFORE, Plaintiff, Christopher Field, prays for a judgment against Defendant, Metropolitan Life Insurance Company, for the relief as pleaded herein and for such other relief as this Honorable Court deems just and proper.

*Respectfully submitted this 28th day of March 2023.*

/s/ Emily C. Quirino
Emily C. Quirino (FBN. 1031320)
emily@longtermdisability.net
Edward Philip Dabdoub (FBN. 45685)
eddie@longtermdisability.net
DABDOUB LAW FIRM, P.A.
1600 Ponce de Leon Blvd., Suite 1202
Coral Gables, Florida 33134
Tel: (305) 754-2000
Fax: (305) 754-2007
*Attorneys for Plaintiff, Christopher Field*